**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LESLEY NOCK, | : | Hon. Jerome B. Simandle |
| Plaintiff, | : | Civil No. 05-1020 (JBS) |
| v. | : |  |
| ERIC TAYLOR, et al., | : | **O P I N I O N** |
| Defendants. | : |  |

**APPEARANCES**:

    LESLEY NOCK, #143309, Plaintiff Pro Se
    Camden County Correctional Facility
    P.O. Box 90431
    Camden, New Jersey  08102

**SIMANDLE**, District Judge

    Plaintiff Lesley Nock, a prisoner at Camden County Correctional Facility, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and forward same to the Clerk of the Court; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account

exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b).  Having thoroughly reviewed the Complaint, the Court dismisses Plaintiff's federal claims and declines to exercise supplemental jurisdiction over claims arising under New Jersey law.

## I.  BACKGROUND

Lesley Nock asserts violations of her constitutional rights under 42 U.S.C. § 1983 arising from her incarceration at the Camden County Correctional Facility ("CCCF") in Camden, New Jersey.  The named Defendants are Warden Eric Taylor, Officer Stephanie Ayhe, and Camden County Prisons Medical Department. Plaintiff asserts the following facts, which for purposes of this review, the Court accepts as true and construes in the light most favorable to her.  On February 10, 2003, Defendant Officer Ayhe allegedly grabbed Plaintiff around the neck and tried to get her down to the floor.  Plaintiff alleges that she resisted, as Ayhe was horse-playing.  As Ayhe tried to turn Plaintiff's body, they both heard a crack.  Plaintiff asserts that, although her ankle was broken, medical officials did not place a cast on her ankle for over two weeks.  Plaintiff seeks damages.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the

Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "'A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that "the defendant, through conduct sanctioned under the color of state law, deprived [her] of a federal constitutional or

3

statutory right."[1]  Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).  As the operation of a jail and the provision of medical care to inmates satisfy the state action requirement, West, 487 U.S. at 54-7, the Court will determine whether Plaintiff has alleged the violation of a constitutional right.

A.  Eighth Amendment

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments:  they cannot be 'cruel and unusual.'"  Rhodes v. Chapman, 452 U.S. 337, 345 (1981).  The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment.  Rhodes, 452 U.S. at 346, 347.  To state a claim under the Eighth Amendment, an inmate must satisfy an objective

---

[1] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

element and a subjective element.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The Court construes the Complaint as potentially asserting an Eighth Amendment failure to protect claim based upon Ayhe's conduct.  To prevail on a failure to protect claim under 42 U.S.C. § 1983, an inmate must establish that (1) s/he is incarcerated under conditions posing a substantial risk of serious harm and (2) the defendant knows of and fails to respond reasonably to the risk.  Farmer, 511 U.S. at 833, 837.  In this case, Plaintiff's allegations fail to satisfy the objective or the subjective component.  Because the sort of horse-play described in the Complaint does not objectively pose a substantial risk to inmates, Plaintiff's allegations do not satisfy the objective component.  Moreover, Plaintiff's allegations do not satisfy the subjective component because Ayhe's conduct constitutes negligence that is not actionable under § 1983.  See Daniels v. Williams, 474 U.S. 327 (1986) (inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983); Davidson v. Cannon, 474 U.S. 344 (1986) (prison official's negligent failure to protect inmate from assault by another inmate because official "mistakenly believed that the situation was not particularly serious" does not state a claim under § 1983).  The Court is constrained by Davidson, Daniels, and Farmer to dismiss the failure to protect claim for

5

failure to state a claim upon which relief may be granted.  See Farmer, 511 U.S. at 841-5;  Davidson, 474 U.S. 344; Daniels, 474 U.S. 327.

    Plaintiff further complains that medical officials did not place a cast on her ankle for over two weeks.  The Eighth Amendment's prohibition against cruel and unusual punishment obligates jail authorities to provide medical care to inmates.  Estelle v. Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  To state a cognizable claim, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."  Rouse, 182 F.3d at 197.  A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted).  As previously stated, to establish deliberate indifference, an inmate must demonstrate that "the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Farmer, 511 U.S. at 842; Rouse, 182 F.3d at 197.

    While a broken ankle is a serious medical need, Plaintiff's Eighth Amendment medical claim fails as a matter of law because

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of

6

> medical mistreatment under the Eighth
> Amendment.  Medical malpractice does not
> become a constitutional violation merely
> because the victim is a prisoner.

Estelle, 429 U.S. at 106.

Based upon the foregoing, the Court dismisses Plaintiff's Eighth Amendment medical claim for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

B.   State Claims

The Complaint may state a claim under state tort law. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 118 S. Ct. 2047, 2051 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted

principles of 'judicial economy, convenience, and fairness to the litigants.'" Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff Nock is free to refile her state law claims in the state court of complaint jurisdiction.

## IV.  CONCLUSION

The Court grants in forma pauperis status, dismisses Plaintiff's federal claims, and declines to exercise supplemental jurisdiction over his state claims, which are dismissed without prejudice to refiling the state claims in the state court.

 s/ Jerome B. Simandle  
JEROME B. SIMANDLE, U.S.D.J.

Dated:  **May 20**              , **2005**